FILED

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

2023 MAR 31 AM 10: 36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

James L. Bond
_____
Petitioner

v.

Warden, FCC Coleman Low
_____
Respondent
(name of warden or authorized person having custody of petitioner)

Case No. 5:23-CV-220-JLB-PRL
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: James Louis Bond
   (b) Other names you have used: _____
2. Place of confinement: Federal Correctional Complex (Low Custody), Coleman, Florida
   (a) Name of institution: FCC Coleman Low
   (b) Address: P.O. Box 1031, Coleman, FL 33521-1031

   (c) Your identification number: 62180-004
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain: _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you: United States District Court, Southern District of Florida, Miami Division
       (b) Docket number of criminal case: 01-216-CR-MOORE
       (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other (explain): _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Bureau of Prisons
       Challenge of final Administrative Remedy No.: 770105-A1
   (b) Docket number, case number, or opinion number: 770105-A1
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):
       I am challenging the BOP's failure to apply the time I was held in state custody towards my federal sentence pursuant to 18 U.S.C. § 3585(b).
   (d) Date of the decision or action: November 30, 2014

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes      ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: Bureau of Prisons
       (2) Date of filing: 2014
       (3) Docket number, case number, or opinion number: 770105-F1
       (4) Result: Denied
       (5) Date of result: 2014
       (6) Issues raised: Challenging the BOP's failure to apply time for being held in state custody pursuant to 18 U.S.C. § 3585(b)

   (b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

 (a) If "Yes," provide:
  (1) Name of the authority, agency, or court:   Bureau of Prisons
  (2) Date of filing:   2014
  (3) Docket number, case number, or opinion number:   770105-R1
  (4) Result:   Denied
  (5) Date of result:   2014
  (6) Issues raised:   Challenging the BOP's failure to apply time for being held in state custody pursuant to 18 U.S.C. § 3585(b)

 (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☒ Yes    ☐ No
 (a) If "Yes," provide:
  (1) Name of the authority, agency, or court:   Bureau of Prisons
  (2) Date of filing:   September 24, 2014
  (3) Docket number, case number, or opinion number:   770105-A1
  (4) Result:   Denied
  (5) Date of result:   November 30, 2014
  (6) Issues raised:   Challenging the BOP's failure to apply time for being held in state custody pursuant to 18 U.S.C. § 3585(b)

 (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes    ☒ No
If "Yes," answer the following:
 (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ☐ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1) Name of court: N/A
        (2) Case number:
        (3) Date of filing:
        (4) Result:
        (5) Date of result:
        (6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☒ Yes      ☐ No

If "Yes," provide:
(1) Name of court: United States District Court, Southern Distirct of Florida
(2) Case number: 22-12982-A
(3) Date of filing: August, 2022
(4) Result: Denied
(5) Date of result: September 8, 2022
(6) Issues raised: Claim 1A: sentencing court did not provide notice during sentencing that Bond was a convicted felon who was prohibited from possessing a firearm. Claim 1B: Rehaif v. United States created a new rule of constitutional law, and at the time of release from Bon'd state conviction, Florida automatically restored rights to convicted felons.

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: In the instant petition, Bond is attacking the execution of his sentence as opposed to the constitutionality of his conviction. Challenging the calculation of time credits is not cognizable under 28 U.S.C. § 2255.

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes      ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
    ☐ Yes      ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:                                    N/A
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:


(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:                                           N/A
(5) Date of result:
(6) Issues raised:


12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes          ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

                                                      N/A

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** The Bureau of Prisons did not correctly calculate Bond's jail time credit for the time he spent in state custody for his federal sentence. As this time has not been properly applied in accordance with 18 U.S.C. § 3585(b), Bond respectfully requests this time be applied to his current federal sentence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
In support of his argument, Bond provides this court with a copy of his Florida DOC Record of Inmate Discharge. See Exhibit "1." This document shows Bond's "Date of Release" to be July 20, 2013. Id. However, Bond was serving his federal sentence at this time. The time Bond served in state custody for his federal sentence should be applied to his current federal sentence.

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes   ☐ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

Page 7 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR: N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

## Request for Relief

15. State exactly what you want the court to do: Apply the jail credit that was erroneously applied to my state sentence, to my federal sentence.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

3/15/2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3/15/2023

*James L. Bond*
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Exhibit "1"

Denial of BP-11

JAMES LOUIS BOND, 62180-004
ESTILL FCI     UNT: UNT B     QTR: C04-410U
P.O. BOX 699
ESTILL,  SC 29918

Administrative Remedy No. 770105-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal wherein you request time spent serving a state sentence be credited towards your federal sentence.

A review of your record reveals the time you spent in the primary custody of state authorities has been credited against your previously served state sentence. Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has been credited against another sentence.

Nonetheless, the merits of your case were reviewed in accordance with Bureau of Prisons Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, and the factors provided in Title 18 U.S.C. § 3621(b), to determine if a retroactive concurrent *nunc pro tunc* designation would be appropriate. In your case, it was determined the relevant factors under Title 18 U.S.C. § 3621(b) are (2), (3) and (4). Under factor (2), your federal offense is Possession of a Firearm by a Convicted Felon. Your state offense is Robbery without Firearm or Weapon, Possession of a Firearm by Felon and Carrying a Concealed Weapon.

Concerning factor (3), your record indicates you have criminal convictions for Strong Arm Robbery, Attempted Strong Arm Robbery, Robbery by Force, Resisting Arrest, Trafficking in Cocaine and Murder 2nd Degree.

Regarding factor (4), the federal Judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to Title 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Nevertheless, the federal sentencing Court was contacted for a statement concerning its position on a retroactive designation. The federal sentencing Court responded on November 19, 2010, "I do not recommend the retroactive concurrent designation for James Bond, as he was arrested for state case F00-14939 prior to committing the instant federal case and the time he has spent in state custody is being credited to the state cases F00-14939 and F0024539."

In light of the preceding information, it was determined a *nunc pro tunc* designation was not appropriate in your case. We note that

Administrative Remedy No. 770105-A1
Part B - Response
Page 2

on January 27, 2011, you were notified in writing of this determination.

We find your sentence has been computed as directed by federal statute and applicable Bureau of Prisons' policy. Accordingly, your appeal is denied.

_11/30/2014_  
Date

_Rhodger_  
Acting Administrator  
National Inmate Appeals

Exhibit "2"

BP-11 request

U.S. Department of Justice
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: BOND JAMES L  62180-004  C/B  FCI Estill
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

THIS IS MY APPEAL OF THE REGIONAL DIRECTOR'S DENIAL OF MY BP-10 [REMEDY ID.: 770105-R1]. I BELIEVE THE REGIONAL DIRECTOR IS WRONG FOR NOT GRANTING ME A NUNC PRO TUNC DESIGNATION OR CREDIT FOR TIME I SPENT IN STATE CUSTODY. THEREFORE I RESPECTFULLY REQUEST FOR MY SENTENCE COMPUTATION TO BE UPDATED TO REFLECT A COMMENCEMENT DATE FROM THE DATE I WAS SENTENCED, AND A "JAIL CREDIT" DATE FROM THE DATE I WAS INITIALLY ARRESTED. THANK YOU FOR YOUR CONSIDERATION.

9-24-2014
DATE

*James L. Bond*
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
OCT 01 2014
Administrative Remedy Office
Federal Bureau of Prisons

---

DATE  
ORIGINAL: RETURN TO INMATE  

GENERAL COUNSEL  
CASE NUMBER: 770105

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN   PRINTED ON RECYCLED PAPER   BP-231(13)
JUNE 2002

Exhibit "3"

Florida DOC

Record of Inmate Discharge

# Florida Department of Corrections
## Record of Inmate Discharge

*The Department of Corrections protects the public by operating a safe, secure, humane and efficient corrections system.*

| | | | |
|---|---|---|---|
| **Date of Release** | July 20, 2013 | **Inmate Name** | BOND, JAMES L |
| **Type of Release** | Conditional Release Supervision | **Inmate DC Number** | -412290 |
| **County of Discharge** | MIAMI-DADE | **Type** 64 | **Destination Code** 755   **Reason** 26 |

| | | | |
|---|---|---|---|
| **Release Address** | USM-MAIMI<br>301 N MIAMI AVE<br>MIAMI, FL<br>33128<br>Phone: (305) 536-5346 | **Supervision Reporting Address** | 11-2 MIAMI-EAST<br>401 N. W. 2ND AVE.<br>SUITE 607-SOUTH TOWER<br>MIAMI, FL 3328<br>Phone: (305) 377-5270 |
| **Inmate Reporting Instructions** | REPORT IMMEDIATELY ONCE RELEASED FROM USM-FEDERAL DETAINER | **Inmate Instructed on the Following** | ☐ Supervision orders under court jurisdiction<br>☒ Supervision orders under Parole Commission<br>☐ Provisional Release Supervision / Other |

- **Detainer**: Yes   **Agency:** USM-MIAMI   **Waiver Signed:** N/A
- **Discharge Gratuity**: No   DOES NOT MEET CRITERIA
- **Transportation**: Yes   DIRECT PICK UP
- **Medication**: No   N/A
- **Clothing / ID**: Yes   S-2X,P-36/28,SHOES: 8.5
- **Pending Actions**: Select   Does the inmate have any pending actions such as grievances or claims?

**Additional Comments and/or Instructions**: MUST COMPLETE CRIMINAL REGISTRATION WITHIN 2 DAYS OF RELEASE WITH LOCAL SHERIFF'S/POLICE DEPARTMENT

**Inmate Instructed on the Following**
- ☒ Office of Executive Clemency Information Sheet (copy provided)
- ☒ Registration – F.S. 775.13 (DC6-176)
- ☒ Warning Notice – F.S. 775.082 (DC6-103)
- ☒ Career Offender Registration (DC3-2001A/B)
- ☐ Sex Offender/Predator Registration (DC3-203A/B)

- **Releasing Facility**: DADE CI
- **Inmate Signature**: [signature]   **Date**: July 9, 2013
- **Staff Signature**: [signature]   **Date**: July 9, 2013

FIREARM  F03-02539  F00-017159 - ROBBERY

## Florida Department of Corrections
### Record of Inmate Discharge

*The Department of Corrections protects the public by operating a safe, secure, humane and efficient corrections system.*

| | | | |
|---|---|---|---|
| Date of Release | July 20, 2013 | Inmate Name | BOND, JAMES L |
| Type of Release | Conditional Release Supervision | Inmate DC Number | -412290 |
| County of Discharge | MIAMI-DADE | Type: 64 | Destination Code: 755 — Reason: 26 |

**Release Address:**
USM-MAIMI
301 N MIAMI AVE
MIAMI, FL
33128
Phone: (305) 536-5346

**Supervision Reporting Address:**
11-2 MIAMI-EAST
401 N. W. 2ND AVE.
SUITE 607-SOUTH TOWER
MIAMI, FL 3328
Phone: (305) 377-5270

**Inmate Reporting Instructions:**
REPORT IMMEDIATELY ONCE RELEASED FROM USM-FEDERAL DETAINER

**Inmate Instructed on the Following**
☐ Supervision orders under court jurisdiction
☒ Supervision orders under Parole Commission
☐ Provisional Release Supervision / Other

- Detainer: Yes    Agency: USM-MIAMI    Waiver Signed: N/A
- Discharge Gratuity: No    DOES NOT MEET CRITERIA
- Transportation: Yes    DIRECT PICK UP
- Medication: No    N/A
- Clothing / ID: Yes    S-2X, P-36/28, SHOES: 8.5

| | | |
|---|---|---|
| • Medication | NO | N/A |
| • Clothing / ID | Yes | S-2X, P-36/28, SHOES: 8.5 |
| • Pending Actions | Select | Does the inmate have any pending actions such as grievances or claims? |

**Inmate Instructed on the Following**

☒ Office of Executive Clemency Information Sheet (copy provided)
☒ Registration – F.S. 775.13 (DC6-176)
☒ Warning Notice – F.S. 775.082 (DC6-103)
☒ Career Offender Registration (DC3-2001A/B)
☐ Sex Offender/Predator Registration (DC3-203A/B)

**Additional Comments and/or Instructions**

MUST COMPLETE CRIMINAL REGISTRATION WITHIN 2 DAYS OF RE-LEASE WITH LOCAL SHERIFF'S/POLICE DEPARTMENT

• Releasing Facility: DADE CI

• Inmate Signature: *[signature]* Date: July 9, 2013

• Staff Signature: *[signature]* Date: July 9, 2013

DC6-168 (Revised 1/9/13)

Original: Inmate File
Copy: Inmate

---

*Detach and keep this certificate with you*

---

# Florida Department of Corrections
## Certificate of Discharge

Rick Scott, Governor
Michael D. Crews, Secretary

Name: BOND, JAMES L
DC Number: 412290
Release Type: Conditional Release Supervision
Date of Release: 07/20/2013
Facility: DADE CI

The above named person sentenced to imprisonment in the custody of the Florida Department of Corrections is hereby discharged

**Registration of Convicted Felons:** Florida Statute 775.13 requires that you register with the Sheriff's Office within 48 hours after entering any county in this state, or in lieu thereof such registration may be made in person with the Florida Department of Law Enforcement. Refer to the Acknowledgement of Registration Requirements information form supplied to you by facility staff.

*[signature]*

*Signed by the facility designee on behalf of the Secretary*

DC6-168A (Revised 1/9/13)