UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES L. BOND,

    Petitioner,

v.                                     CASE NO.:   5:23-cv-220-JLB-PRL

WARDEN, FCC COLEMAN-LOW,

    Respondent.
_____/

**OPINION AND ORDER**

    Pending before the Court is Petitioner James L. Bond's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner alleges the Federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence by not crediting a period of time he served in state custody before being transferred to federal custody. In its response, Respondent asks the Court to deny the Petition because Petitioner's sentence is correctly calculated. (Doc. 13). Petitioner filed a reply. (Doc. 21).

**I.    Background**

    Relevant to the analysis here, Petitioner was arrested in Miami, Florida, on July 30, 2000, for various state offenses. (Doc. 13-1 at 4). Petitioner bonded out of custody on July 31, 2000, but was arrested again on August 21, 2000, for separate state charges, and he remained in state custody. (Id.)

    On April 16, 2001, while in state custody, Petitioner was temporarily transferred to federal custody on a Writ of Habeas Corpus Ad Prosequendum following his March 15, 2001 indictment on a federal charge for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). See United States v. Bond, No. 1:01-cr-216, Doc. 1 (S.D. Fla. March 15, 2001; Doc. 13-1 at 26). On August 21, 2001, Petitioner was sentenced to a 235-month term of imprisonment following his conviction for the federal offense. See Bond, No. 1:01-cr-216, Doc. 36 (S.D. Fla. Aug. 21, 2001); (Doc. 13-1 at 28–29). He was returned to state custody on August 28, 2001. (Doc. 13-1 at 4). On March 27, 2002, Petitioner was sentenced to ten years' imprisonment in Miami-Dade case no. F0024539 and a concurrent ten-year term in case no. F0014939. (Id. at 4, 18, 23)

While Petitioner was serving his state sentence and before he entered BOP custody, the BOP sent a letter to the federal sentencing court, inquiring of that court's opinion on a retroactive designation of Petitioner's federal sentence. (Id. at 51–52). The federal sentencing court responded, stating, "I do not recommend retroactive (concurrent) designation for James Bond, as he was arrested for state case F00-14939 prior to committing the instant federal offense and the time he has spent in state custody is being credited to the state cases (F00-14939 and F00-24539)." (Id. at 54). The BOP reviewed Petitioner's case in December 2010 and determined retroactive designation was inappropriate. (Id. at 56–57).

Petitioner was paroled from the Florida Department of Corrections on July 20, 2013, and he was surrendered to the custody of the United States Marshals due to a pending detainer related to his federal sentence. (Id. at 15).

With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on March 27, 2029.  See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Mar. 18, 2025).

Petitioner challenges the BOP's calculation of his sentence, asserting that he should receive credit for time spent in custody beginning July 30, 2000, until his August 21, 2001 sentencing in his federal case.  (Doc. 21 at 2).  Respondent contends that the Petition should be denied because Petitioner's sentence has been correctly calculated.  (Doc. 13).  In reply, Petitioner raises two additional arguments for the first time: (a) that his federal sentence should be run concurrent to his state sentence, and (b) the Court should grant him jail credit pursuant to the United States Sentencing Guidelines.  (Doc. 21 at 3-4).

## II.   Analysis

The Attorney General, through the BOP, is responsible for computing a prisoner's sentence and applying and administering prior custody credits pursuant to 18 U.S.C. § 3585(b).  See United States v. Wilson, 503 U.S. 329, 333–35 (1992).  A sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  The earliest date a sentence commences is the date of sentencing.  See Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (reiterating that "a federal sentence cannot commence prior to the date it is pronounced") (internal quotation marks and citation omitted).  Under section 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*"  18 U.S.C. § 3585(b) (emphasis added).  In construing this statutory language, the Supreme Court has said that "Congress made clear that a defendant could not receive a double credit for his detention time."  Wilson, 503 U.S. at 337.

The BOP will give credit for time served "only if the specified time period has not been credited against another sentence."  Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (citing 18 U.S.C. § 3585 (b)(2)). The Attorney General is not required to give credit toward a federal sentence for time spent serving a sentence imposed by another jurisdiction for an unrelated offense.  Shaw v. Smith, 680 F.2d 1104, 1106 (5th Cir. 1982).[1]  Federal custody does not begin when a federal defendant in state custody is produced for prosecution pursuant to a federal writ of habeas corpus ad prosequendum.  Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.").  "A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."  Id. (quoting United States v. Kipp, 232 F.2d 147 (7th Cir. 1956)).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

Here, Petitioner seeks to apply the credit he served in state custody towards his federal sentence. The Court concludes that under the plain text of the governing statutes, Petitioner is not entitled to additional credit for time served in state custody because he remained in state custody when he appeared for federal charges on the writ of habeas corpus ad prosequendum.

Petitioner was arrested on state charges on August 21, 2000, and thereafter remained in primary state custody from the date of arrest until the imposition of his state sentence on March 27, 2002. (Doc. 13-1 at 4). He received credit against his state sentence for all time spent in the custody of state authorities. (Id. at 5). During this time, Petitioner was in the primary custody of the Florida state authorities. (Id.) Under section 3585(b), the BOP did not have the discretion to grant Petitioner sentence credit for the period between August 21, 2000, and March 27, 2002, because he received credit on his state sentence for that period, and section 3585(b) expressly prohibits the BOP from granting credit for time "credited against another sentence." 18 U.S.C. § 3585(b). Thus, under the statute's plain language, Petitioner is not entitled to credit for additional time served that was credited against another sentence.

In reply, Petitioner challenges the BOP's worksheet regarding retroactive designation that was submitted in its response. However, the Court finds this issue is not properly before the Court because Petitioner challenged the BOP's calculation of his credit for jail time, not the BOP's determination regarding retroactive designation of his state facility. (Doc. 1 at 6). Arguments raised for

5

the first time in reply are generally deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

Even if the argument were properly before the Court, the BOP acted within its broad authority and did not abuse its discretion in denying Petitioner's request for a nunc pro tunc retroactive designation. The standard of review of the BOP's actions in denying a petitioner's request for nunc pro tunc designation is limited to determining whether the BOP abused its substantial discretion. See Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007) (holding that section 3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered.") (internal quotation marks and citation omitted). It appears that the BOP considered the relevant section 3621(b) factors in good faith and in a manner it deemed appropriate. Furthermore, it appears that the BOP did not rely solely on the sentencing judge's recommendation. (Doc. 13-1 at 56–57). Under these circumstances, the Court finds that the BOP's denial of the Petitioner's request was a valid exercise of the BOP's discretion under section 3621. Accordingly, Petitioner's claim regarding his request for a nunc pro tunc retroactive designation must be denied.

Petitioner also requests that the Court "exercise its discretion found in U.S.S.G. §§ 5G1.3 and 2K2.23 to grant time served for his stacked sentence." (Doc. 21 at 4). By its own terms, section 5G1.3(b) applies only if "a term of imprisonment" for the related offense has already been imposed at the time the

6

federal sentence is imposed. United States v. Rollins, 552 F.3d 739, 742 (8th Cir. 2009); United States v. Gonzalez-Chavez, 651 F. App'x 725, 729 (10th Cir. 2016). Section 5G1.3(b) does not apply to attempts to receive credit for pretrial custody or detention, which is what Petitioner is attempting to do here. See Gonzalez-Chavez, 651 F. App'x at 729; United States v. Stebbins, 523 F. App'x 1, 4 (1st Cir. 2013). To the extent Petitioner references section 2K2.23, that section does not exist in the sentencing guidelines. Liberally construing Petitioner's reply to mean to reference USSG § 5K2.23, which is a policy statement regarding discharged terms of imprisonment, the guideline provision was not added until November 1, 2003—after Petitioner's federal sentencing—and has not been made retroactive. Thus, the Court does not have the discretion to adjust Petitioner's sentence under these guideline provisions.

Because the BOP has properly calculated Petitioner's sentence, the Petition is denied.[2]

### III.  Conclusion

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

---

[2] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. Schriro v. Landrigan, 550 U.S. 465 (2007). Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474.

2.  The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record